UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICOLE GIBSON,

    Plaintiff,

v.       CASE NO.:

TAMPA AIRPORT HOTEL, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, NICOLE GIBSON ("Ms. Gibson" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Pinellas County, Florida.

4. Plaintiff worked for Defendant in Hillsborough County, Florida, and the venue, therefore, for this case is the Tampa Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.[1]

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant as a Senior Sales Manager from November 2012, through February 12, 2019.

8. Upon Defendant's acquisition of Plaintiff's prior employer, Plaintiff notified Defendant that she intended to take FMLA leave in February 2019, for the birth of her child.

9. Defendant, despite being advised otherwise, refused to provide Plaintiff with notification of her FMLA rights and entitlements, and instead told Plaintiff that she was not entitled to FMLA because Defendant only became her employer as of November 2018.

10. Defendant failed to consider Plaintiff's explanation to Defendant that Defendant was a "successor in interest" as defined by the FMLA, and was required to provide Plaintiff with FMLA protected leave and notice of her rights.

---

[1] Defendant acquired Plaintiff's predecessor employer on November 1, 2018.  Plaintiff previously worked for Defendant's predecessor since November 2012.  Upon Defendant's acquisition of the property at issue on November 1, 2018, Plaintiff continued working at the same location/facility, with the same managers, co-employees, equipment, and customers, providing the exact same services, and under the same conditions for Defendant.  Accordingly, Defendant is defined as a "successor in interest" under FMLA's coverage provisions and was legally obligated to provide Plaintiff with FMLA leave.  See 29 C.F.R § 825.107.

11. Plaintiff commenced what should have been her FMLA protected leave on February 11, 2019, and intended to return to work in her same capacity upon her return to the workplace on May 13, 2019.

12. During what should have been her FMLA protected leave, Defendant, in April 2019, notified Plaintiff that she would not be reinstated to her Senior Sales Manager position, and only offered Plaintiff a return to work in a reduced role which required an approximately $20,000.00 pay decrease.

13. Plaintiff objected to Defendant's interference and retaliation with her FMLA rights, and notified Defendant that she could not afford Defendant's proposed demotion and pay cut.

14. Defendant then terminated Plaintiff's employment in retaliation for same.

15. Defendant's conduct constitutes actionable FMLA interference and retaliation.

16. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

17. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for attempting to utilize what she believed to be proper and authorized FMLA leave.

18. Defendant acted with intent to terminate Plaintiff when she should have been, and was, FMLA covered.

19. Defendant fired Plaintiff because of her need for FMLA protected time away from work, and for no other reason.

20. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her attempt to use FMLA.

21. Defendant did not have a good faith basis for its actions.

## UNLAWFUL INTERFERENCE & RETALIATION UNDER THE FMLA

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above.

23. At all times relevant hereto, Plaintiff was protected by the FMLA.

24. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights, and firing/demoting her during her use of what should have been, FMLA protected leave.

25. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

26. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

27. As a result of Defendant's intentional, willful and unlawful acts by interfering with, and retaliating against, Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

28. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 17th day of April 2019.

        Respectfully Submitted,

        By**:/s *Noah E. Storch***
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        Robert D. Pecchio, Esq.
        Florida Bar No. 1005955
        RICHARD CELLER LEGAL, P.A.
        10368 W. SR. 84, Suite 103
        Davie, Florida 33324
        Telephone:  (866) 344-9243
        Facsimile:    (954) 337-2771
        E-mail: noah@floridaovertimelawyer.com
        E-mail: robert@floridaovertimelawyer.com

        *Attorneys for Plaintiff*